Rasheed McWilliams (CA Bar No. 281832)
rasheed@cotmanip.com
Daniel Cotman (CA Bar No. 218315)
dan@cotmanip.com
Obi I. Iloputaife (CA Bar No. 192271)
obi@cotmanip.com
COTMAN IP LAW GROUP, PLC
35 Hugus Alley, Suite 210
Pasadena, CA 91103
(626) 405-1413/FAX: (626) 316-7577
*Attorneys for Plaintiff*
*Eloqui Voice Systems, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Eloqui Voice Systems, LLC, | Case No. 2:17-cv-00890-JAK-SS |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NO. 6,144,938** |
| v. | **U.S. PATENT NO. 6,334,103** |
| Nuance Communications, Inc., a Massachusetts corporation, | **U.S. PATENT NO. 7,058,577, AND PERMANENT INJUNCTION** |
| Defendant. | **DEMAND FOR JURY TRIAL** |

# FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Eloqui Voice Systems, LLC, ("Eloqui" or "Plaintiff"), by and through its undersigned counsel, for its Complaint against Defendant Nuance Communications, Inc. ("Nuance") makes the following allegations upon information and belief.

## NATURE OF THE ACTION

1. This is an action against Defendant for infringement of one or more claims of United States Patent No. 6,144,938 ("the '938 Patent"), for infringement of one or more claims of United States Patent No. 6,334,103 ("the '103 Patent"), and for infringement of one of more claims of United States Patent No. 7,058,577 ("the '577 Patent").

## PARTIES

2. Plaintiff Eloqui Voice Systems, LLC, is a California limited liability company, with its principal office located in California at 35 Hugus Alley Suite 210, Pasadena, California 91103.

3. Defendant Nuance Communications, Inc., is a corporation incorporated under the laws of Massachusetts, which has an office and principal place of business at 1 Wayside Road, Burlington, Massachusetts 01803 and which can be reached through its agent for service of process, CT Corporation system located at 155 Federal Street, Suite 700, Boston, Massachusetts 02110.

## JURISDICTION AND VENUE

4. This patent infringement action arises under the patent laws of the United States, including 35 U.S.C. §§ 271 et seq., 281, and 284.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because it arises under United States Patent law.

6. This Court has personal jurisdiction over the Defendant because it (either directly or through its subsidiaries, divisions, groups or distributors) has sufficient minimum contacts with the forum as a result of business conducted within the State of California and this district; and/or specifically over the Defendant (either directly or through its subsidiaries, divisions, groups or distributors) because of its infringing conduct within or directed at the State of California and this district.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c). Defendant is subject to this Court's personal jurisdiction in the acts and transactions include the sale of the software identified herein through the State of California and throughout this district.

## FACTS

8. Plaintiff is the owner, by assignment, of U.S. Patent No. 6,144,938 ("the '938 Patent"), entitled "Voice User Interface with Personality," which was duly and legally issued on November 7, 2000 by the United States Patent and Trademark Office ("USPTO").

9. A copy of the '938 Patent is attached to this Complaint as **Exhibit A**.

10. The claims of the '938 Patent are valid and enforceable.

11. Plaintiff is the owner, by assignment, of U.S. Patent No. 6,334,103 ("the '103 Patent"), entitled "Voice User Interface with Personality," which was duly and legally issued on December 25, 2001 by the USPTO.

12. A copy of the '103 Patent is attached to this Complaint as **Exhibit B**.

13. The claims of the '103 Patent are valid and enforceable.

14. Plaintiff is the owner, by assignment, of U.S. Patent No. 7,058,577 ("the '577 Patent"), entitled "Voice User Interface with Personality," which was duly and legally issued on June 6, 2006 by the USPTO.

15. A copy of the '577 Patent is attached to this Complaint as **Exhibit C**.

16. The claims of the '577 Patent are valid and enforceable.

## COUNT I: CLAIM FOR PATENT INFRINGEMENT
## UNDER 35 U.S.C. § 271(b) ('938 PATENT)

17. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 16 of this Complaint as if fully set forth herein.

18. On information and belief, Defendant has been aware of the '938 Patent as evidenced by citation of the '938 Patent in numerous patents owned by Nuance and filed subsequent to the grant of the '938 Patent, the patents including but not limited to U.S. Patent No. 8,600,755. A true and correct copy of an Information Disclosure Statement filed by Nuance listing the '938 Patent as a reference in the patent application that issued as U.S. Patent No. 8,600,755 is attached hereto as **Exhibit D.**

19. Defendant has induced the infringement of the '938 Patent by purchasers, licensees, and users of Nina Virtual Assistant Platform ("Accused Product(s)" or "Nina") and is continuing to induce and contribute to the infringement of the '938 patent by purchasers, licensees, and users of the Accused Products.

20. Given Defendant's knowledge of the '938 Patent and recognition of the '938 Patent as likely prior art to its own inventions, Defendant knew or should have known of the objectively high likelihood that the patent covers the Accused Products, and that Defendant's advertising, installing, maintaining, and selling of those products induced its customers to infringe the claims through their use of the Accused Products.

21. Defendant has induced the infringement of the '938 Patent by active advertisement of the Nina Virtual Assistant Platform as shown at the following website: http://www.nuance.com/for-business/customer-service-solutions/nina/nina-mobile/index.htm, such advertising induced its customer's, e.g. USAA, to purchase

the "Nina Virtual Assistant Platform" from Defendant and operate it such that it directly infringes at least Claim 43 of the '938 Patent.

22. USAA has used Nuance Communications' Nina Virtual Assistant since 2013, as shown at the following website: http://www.smartcustomerservice.com/Articles/News-Briefs/USAA-Adds-Nuances-Nina-to-Its-Web-Site-113474.aspx. A screenshot of the above website is attached to this Complaint as **Exhibit E**.

23. Screenshots from Defendant's website are attached to this Complaint as **Exhibit F**. As provided in Defendant's website, each of the Accused Product(s) provide a voice user interface with personality.

24. According to Defendant, "Customers converse with Nina through voice…in a natural, human-like way." See **Exhibit F** (pages 2 and 3).

25. The Nina virtual assistant platform is built on Nuance Recognizer, an enterprise speech recognition technology. See **Exhibit F** (pages 2 and 3).

26. Nina's appearance is designed to give an app human-like characteristics.

27. The animations can deliver "emotional" content. See page 2 of the Nuance Insight publication, which is attached to this Complaint as **Exhibit G**.

28. Nina can emulate the dynamic interactions of human conversation while reflecting the company's brand in tone.

29. Nina uses appropriate protocol for greetings and farewells, criticisms, and compliments for more natural, human-like dialog. See page 3 of the Nuance White Paper Guide to Virtual Assistants, which is attached to this complaint as **Exhibit H**.

30. Each of the Accused Product(s) stores a recognition grammar in a memory, the recognition grammar consists of multiple phrases that a virtual assistant with a personality can recognize when spoken by a user, the recognition grammar being selected based on the personality of the virtual assistant.

31. According to Defendant, "Customers converse with Nina through voice, and Nina delivers instant, accurate, and successful outcomes in a natural, human-like way." See **Exhibit F** (pages 2 and 3).

32. According to Defendant, "Speech recognition systems have a list of acceptable phrases, known as the grammar, that the system is programmed to recognize at any given time. Grammars ensure that a speech recognition engine knows that the phase 'new to speech' is not a 'nudist beach', and that 'agent,' 'operator,' and 'I want to speak to someone' all direct the caller to a live person." See White Paper Understanding Natural Language, attached to this Complaint as **Exhibit I** (pages 3, 7).

33. According to Defendant, "Large grammars – especially those containing large subgrammars frequently used by other grammars – create packages that consume a large amount of memory. Further, the compiler searches for included grammars based on the natural language of the current model set." See page 32, 50 of the Grammar Developers Guide, which is attached to this Complaint as **Exhibit J**.

34. According to Defendant, "Nuance recommends 128 MB RAM for simple grammars and 256 MB or higher RAM for large grammars." See page 12 of the Speech Recognition System Installation Guide, which is attached to this Complaint as **Exhibit K**.

35. Each of the Accused Product(s) executes a voice user interface, the voice user interface outputting first voice signals, the voice user interface recognizing speech signals.

36. According to Defendant, "Customers converse with Nina through voice, and Nina delivers instant, accurate, and successful outcomes in a natural, human-like way." See **Exhibit F** (pages 2 and 3).

37. Nuance's natural language technology enables Nina to understand complex sentences, multi-string words, abbreviations, slang, misspellings, fragments, and all things that make up real human conversation.

**FIRST AMENDED COMPLAINT**

38. Nina combines Nuance speech recognition, text-to-speech, voice biometrics, and Natural Language Understanding technology hosted in the cloud to deliver an interactive user experience that not only understands what is said, but also can identify who is saying it. See **Exhibit F** (pages 2, 3). See Introducing Nina – The Virtual Assistant for Mobile Customer Service at https://www.youtube.com/watch?v=561SVPrf1YI.

39. Each of the Accused Product(s) controls the voice user interface to provide the voice user interface with a verbal personality. On information and belief, Nina uses appropriate protocol for greetings and farewells, criticisms, and compliments for more natural, human-like dialog. See Interactive Product Brochure Nina Mobile, attached hereto as **Exhibit L** (page 3).

40. Each of the processes itemized in paragraphs 23-39 above, is an element in Claim 43 of the '938 Patent.

41. Thus, the Nina Virtual Assistant Platform infringes at least Claim 43 of the '938 patent when used by customers of Defendant, including, but not limited to, USAA.

42. Plaintiff has been, and will continue to be, irreparably harmed by Defendant's ongoing act of inducing infringement of the '938 Patent.

43. As a direct and proximate result of Defendant's induced infringement of the '938 Patent, Plaintiff has been and will continue to be damaged in an amount yet to be determined, including but not limited to Plaintiff's lost profits and/or a reasonable royalty.

**COUNT II: CLAIM FOR PATENT INFRINGEMENT
UNDER 35 U.S.C. § 271(a) ('103 PATENT)**

44. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45. Defendant makes, has made, sells, offer for sale, uses and/or imports into the United States, intelligent virtual assistants, including without limitation a non-transitory computer-readable storage medium with computer-executable instructions to perform a virtual assistant platform named Nina ("Nina").

46. According to Defendant, "Customers converse with Nina through voice…in a natural, human-like way." See **Exhibit F** (pages 2 and 3).

47. Nina executes a voice user interface, the voice user interface outputs voice signals; the voice user interface recognizes speech signals. The Nina virtual assistant platform is built on Nuance Recognizer, an enterprise speech recognition technology.

48. According to Defendant, "Customers converse with Nina through voice…and Nina delivers instant, accurate, and successful outcomes in a natural, human-like way." See **Exhibit F** (pages 2 and 3).

49. Nina controls the voice user interface to provide the voice user interface with a personality. The personality emulates human verbal behavior for a particular personality.

50. According to Defendant, "Nina's appearance is designed to give an app human-like characteristics. The animations can deliver 'emotional' content." See **Exhibit G** (page 2).

51. According to Defendant, "Nina can emulate the dynamic interactions of human conversation while reflecting your brand in tone. In addition, a properly socialized virtual assistant uses appropriate protocol for greetings and farewells, criticisms, and compliments for more natural, human-like dialog." See **Exhibit H** page 3.

52. Each one of the processes itemized in paragraphs 46-51 above, is an element in Claim 105 of the '103 patent.

53. 71 Thus, the Nina Virtual Assistant Platform infringes at least Claim 105 of the '103 patent.

54. Plaintiff has been, and will continue to be, irreparably harmed by Defendant's ongoing infringement of the '103 patent.

55. As a direct and proximate result of Defendant's infringement of the '103 Patent, Plaintiff has been and will continue to be damaged in an amount yet to be determined, including but not limited to Plaintiff's lost profits and/or a reasonable royalty.

## COUNT III: CLAIM FOR PATENT INFRINGEMENT
## UNDER 35 U.S.C. § 271(b) ('577 PATENT)

56. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 55 of this Complaint as if fully set forth herein.

57. On information and belief, Defendant has been aware of the '577 Patent as evidenced by the citation of the '577 Patent in numerous patents owned by Nuance and filed subsequent to the grant of the '577 Patent, the patents including but not limited to U.S. Patent No. 8,433,572, where the examiner cited to the '577 Patent during the prosecution.

58. Defendant has induced the infringement of the '577 Patent by purchasers, licensees, and users of Nina Virtual Assistant Platform ("Accused Product(s)" or "Nina") and is continuing to induce and contribute to the infringement of the '577 Patent by purchasers, licensees, and users of the Accused Product(s).

59. Given Defendant's knowledge of the '577 Patent, Defendant knew or should have known of the objectively high likelihood that the patent covers the Accused Products, and that Defendant's advertising, installing, maintaining, and selling of those products induced its customers to infringe the claims through their use of the Accused Products.

60. Defendant has induced the infringement of the '577 Patent by active advertisement of the Nina Virtual Assistant Platform as shown at the following website: http://www.nuance.com/for-business/customer-service-solutions/nina/nina-

1  mobile/index.htm, such advertising inducing its customers, e.g. the United Services
2  Automobile Association ("USAA") to purchase the "Nina Virtual Assistant Platform"
3  from Defendant and operate it such that it directly infringes the '577 Patent.

4      61.   USAA has used Nuance Communications' Nina virtual assistant on its
5  mobile app since 2013, as shown at the following website:
6  http://www.smartcustomerservice.com/Articles/News-Briefs/USAA-Adds-Nuances-
7  Nina-to-Its-Web-Site-113474.aspx. A screenshot of the above website is attached
8  herein as **Exhibit E**.

9      62.   Nina provides a voice user interface with personality. Nina is an
10 intelligent virtual assistant, which according to Defendant, "Customers converse with
11 Nina through voice and Nina delivers instant, accurate, and successful outcomes in a
12 natural, human-like way." See **Exhibit F** (pages 2 and 3). Nina's appearance is
13 designed to give an app human-like characteristics. The animations can deliver
14 emotional content. See **Exhibit G** (page 2).

15     63.   Nina selects a personality from a plurality of personalities. And
16 Developers can use source code to develop a custom persona. See **Exhibit H** (page 3).

17     64.   Nina defines a dialog based on the selected personality and the dialog
18 emulates human verbal behavior for the selected personality. "It is important to define
19 the dialog before starting to write a grammar, because the dialog determines what
20 grammars you have to write." See **Exhibit J** (page 3).

21     65.   Nina develops a recognition grammar to enable the voice user interface to
22 recognize user spoken commands. The grammars that an application uses for
23 recognition are defined in the grammar files. See **Exhibit J** (page 13).

24     66.   Each one of the processes itemized in paragraphs 62-65 above, is an
25 element in Claim 1 of the '577 patent.

26     67.   Thus, the Nina Virtual Assistant Platform infringes at least Claim 1 of the
27 '577 patent.

28

68. Plaintiff has been, and will continue to be, irreparably harmed by Defendant's ongoing act of inducing infringement of the '577 patent.

69. As a direct and proximate result of Defendant's induced infringement of the '577 Patent, Plaintiff has been and will continue to be damaged in an amount yet to be determined, including but not limited to Plaintiff's lost profits and/or a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

A. In favor of Plaintiff that Defendant has infringed one or more claims of the '938 Patent, either literally or under the doctrine of equivalents;

B. Requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '938 Patent as provided under 35 U.S.C. § 284, but not less than a reasonable royalty;

C. In favor of Plaintiff that Defendant has infringed one or more claims of the '103 Patent, either literally or under the doctrine of equivalents;

D. Requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '103 Patent as provided under 35 U.S.C. § 284, but not less than a reasonable royalty;

E. In favor of Plaintiff that Defendant has infringed one or more claims of the '577 Patent, either literally or under the doctrine of equivalents;

F. Requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '577 Patent as provided under 35 U.S.C. § 284, but not less than a reasonable royalty; and

G. For such other and further relief as may be just and equitable.

///
///
///

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues and causes of action triable to a jury.

Dated: March 27, 2017

Respectfully submitted,

COTMAN IP LAW GROUP, PLC

s/Rasheed M. McWilliams

_____

Rasheed M. McWilliams
Daniel C. Cotman
Obi Iloputaife
*Counsel for Plaintiff*
*Eloqui Voice Systems, LLC*