Krysta Kauble Pachman (SBN 280951)
kpachman@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-4405
Telephone: (310) 789-3100
Facsimile:  (310) 789-3150

*Attorney for Non-Parties*
*Intellectual Ventures I LLC,*
*Intellectual Ventures Assets 31 LLC, and*
*Intellectual Ventures Patent Holding I, L.L.C.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELOQUI VOICE SYSTEMS, LLC, | Case No. 2:17-cv-00890-JAK-SS |
| Plaintiff, | The Hon. John A. Kronstadt |
| vs. | |
| NUANCE COMMUNICATIONS INC., | **INTELLECTUAL VENTURES ASSETS 31, LLC'S LR 79-5.2.2(a)-(b) APPLICATION TO SEAL PORTIONS OF BRIEFING AND DECLARATION RELATED TO NUANCE'S MOTION TO DISMISS** |
| Defendants. | |

Pursuant to Local Rule 79-5.2.2(b) Non-Party Intellectual Ventures Assets 31 ("IV 31") respectfully files this Application to Seal Portions of Briefing and Declaration Related to Defendant Nuance Communications Inc.'s ("Nuance's") Motion to Dismiss (Dkt. No. 38) ("Application").[1] IV 31 seeks to seal and maintain permanently under seal portions of  Nuances' Motion to Dismiss for Lack of Standing ("Motion") (Dkt. No. 38), Plaintiff Eloqui Voice Systems LLC's

---

[1]  Because this Court's Standing Protective Order extends to non-party witnesses such as IV 31 (*see, e.g.*, Dkt. No. 11 at 2.1 ("Any party or non-party who designates information or items for protection under this Order . . . ")), IV 31 does not believe a Motion to Intervene for a Limited Purpose is necessary to bring this application to protect IV 31's confidentiality interests.

1  ("Eloqui's") Opposition to Defendant's Motion to Dismiss for Lack of Standing
2  ("Opposition") (Dkt. No. 43), the Declaration in Support of that Opposition
3  ("Declaration") (Dkt. No. 43-1), and Nuances's Reply to Eloqui's Opposition
4  ("Reply") (Dkt. No. 44). Counsel for IV 31 has conferred with counsel for Eloqui
5  and Nuance, and neither party opposes this application. *See* LR 7-5.2.2(a)(i).

6      IV 31 is in the business of patent licensing, sale, and acquisition. *See*
7  Weisfield Decl. ¶ 10. Along with its affiliates, IV 31 manages and develops
8  intellectual property across a wide range of technologies and scientific disciplines.
9  IV 31 is not a party to the present litigation, but rather is the former owner of the
10 patents asserted here. IV 31 sold those patents to Eloqui before this litigation began.
11 *See* Dkt. No. 26 (Patent Sale Agreement or "PSA" between Eloqui and Nuance).

12     The PSA between IV 31 and Eloqui is highly confidential, and this Court has
13 already found that good cause existed to keep that document under seal. *See* Dkt.
14 No. 36 (June 22, 2017 Order Granting Plaintiff's Ex Parte Application to Seal
15 Declaration – Exhibit A to Motion to Dismiss (Patent Sale Agreement)). This
16 Application should be granted because the Motion, Opposition, Declaration, and
17 Reply all quote from and discuss the confidential terms of the PSA. *See, e.g.*, Dkt.
18 No. 38 at 6–7; Dkt. No. 43 at 3; Dkt. No. 43-1 at 4; Dkt. No. 44 at 10. If those
19 confidential terms remain on the public docket, non-party IV 31 would suffer
20 competitive harm because its partners, competitors, and potential competitors
21 would have access to the specific terms to which IV 31 agreed with Eloqui. *See*
22 Weisfield Decl. ¶ 10. Further, other IV 31 customers and potential customers
23 frequently require strict confidentiality when engaging in licensing and divestiture
24 transactions with IV 31, and those customers expect that the terms of those
25 transactions will remain confidential *See id*. Neither party has articulated any harm
26 it will suffer by having portions of the Motion and associated briefing under seal,
27 and IV 31's interest in maintaining the confidential information under seal

28                                        2

1     outweighs any public interest in disclosure.

2         IV 31 requests narrowly tailored relief: IV 31 only seeks to maintain under

3 seal the portions of the Motion and related briefing that discuss or quote from

4 specific provisions of the PSA. *See* Weisfield Decl. Exs. 1-4 (Motion, Opposition,

5 Declaration, and Reply with proposed redactions highlighted).

6         IV 31 respectfully asks the Court to immediately seal the four documents

7 cited above, and then direct Nuance and Eloqui to file redacted copies in the form

8 attached to the Weisfield Declaration. This will protect IV 31's confidential,

9 designated information on the public docket.

                                                            Respectfully Submitted,

Dated:  January 4, 2018             SUSMAN GODFREY L.L.P.

                                  By:   /s/  *Krysta Kauble Pachman*
                                  Krysta Kauble Pachman

                                  *Attorney for Non-Parties*
                                  *Intellectual Ventures I LLC,*
                                  *Intellectual Ventures Assets 31 LLC,*
                                  *and Intellectual Ventures Patent*
                                  *Holding I, L.L.C.*

3