J. Curtis Edmondson (CSB 236105)
jcedmondson@edmolaw.com
Kiren Rockenstein, (CSB 312301)
kirenr@edmolaw.com
Edmondson IP Law
3699 NE John Olsen Avenue
Hillsboro, OR 97124
(503) 336-3749/ FAX: (503) 482-7418

Daniel Cotman (CSB 218315)
dan@cotmanip.com
Obi I. Iloputaife (CSB 192271)
obi@cotmanip.com
Jayson S. Sohi (CSB 293176)
jayson@cotmanip.com
COTMAN IP LAW GROUP, PLC
35 Hugus Alley, Suite 210
Pasadena, CA 91103
(626) 405-1413/FAX: (626) 316-7577
*Attorneys for Plaintiff*
*Eloqui Voice Systems, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Eloqui Voice Systems, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Nuance Communications, Inc., a Massachusetts Corporation,<br><br>Defendant. | Case No. 2:17-cv-00890-JAK-SS<br><br>**PLAINTIFF ELOQUI VOICE SYSTEMS, LLC'S OPPOSITION TO DEFENDANT NUANCE COMMUNICATIONS, INC.'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**<br><br>Date: October 22, 2018<br>Time: 8:30 a.m.<br>Place: Courtroom 10B<br>Hon. John A. Kronstadt |

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................ 1

A.   The Patents-in-Suit and Asserted Claims ............................................... 2

II.  LEGAL STANDARD ........................................................................................ 3

III. ELOQUI MET ITS BURDEN ........................................................................... 4

A.   Eloqui Proffered the Opinions of Social Scientists and Technical Experts that Find NINA has a "Personality" ....................................................................... 5

B.   Eloqui Presents Admissible Evidence Establishing that NINA Exhibits a "Personality" ......................................................................................................... 7

C.   Drs. Walters and Chaski Specifically Opined that NINA Has a "Personality" .... 8

D.   Nuance Mischaracterizes Dr. Walters' Testimony ................................. 9

E.   Eloqui Established that Nuance Infringes the Patents-in-Suit Using Admissible Evidence ............................................................................................... 10

IV.  CONCLUSION ................................................................................................ 12

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 269 (1986).............................. 1, 3, 4, 5

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)........................................ 1, 3, 4, 5

*Exigent Tech., Inc. v. Atrana Sols., Inc*., 442 F.3d 1301, 1308 (Fed. Cir. 2006) ........ 4

*Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc*., 618 F.3d 1025, 1031 (9th Cir. 2010) ................................................................................................ 3

*Freedman Seating Co. v. Am. Seating Co.*, 420 F.3d 1350 , 1356-57 (Fed. Cir. 2005) ................................................................................................................................ 11

*Glaxo, Inc. v. Novopharm, Ltd.*, 110 F.3d 1562, 1565 (Fed. Cir. 1997) ................... 11

*Horphag Research Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007) .................... 5

*Jones v. Williams*, 791 F.3d 1023, 1030 (9th Cir. 2015)............................................. 5

*Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1103 (9th Cir. 2000) 4, 8

*Oakley, Inc. v. Int'l Tropic-Cal, Inc*., 923 F.2d 167, 169 (Fed. Cir. 1991) ........... 9, 11

*Provenz v. Miller*, 102 F.3d 1478, 1490 (9th Cir. 1996) ........................................ 4, 7

*Scott v. Harris*, 550 U.S. 372, 378 (2007) ................................................................... 4

*Simmons v. Navajo Cnty*., 609 F.3d 1011, 1017 (9th Cir. 2010).................................. 4

*SRI v. Matsushita Electronic Corp*., 775 F.2d 577, 587 (Fed. Cir. 1985).............. 9, 11

*T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)............................................................................................................................ 5

*Vasudevan Software, Inc. v. 3 MicroStrategy, Inc.*, 782 F.3d 671, 683 (Fed. Cir. 2015)....................................................................................................................... 4, 7

*Wi-LAN USA, Inc. v. Ericsson, Inc.*, 675 Fed. Appx. 984, 992 (Fed. Cir. 2017)...... 11

**Rules**

Fed. R. Civ. P. 56(a) .................................................................................................... 3

Fed. R. Civ. P. 56(c)(3).................................................................................................. 4

Fed. R. Civ. P. 56(e) .................................................................................................... 5

Plaintiff Eloqui Voice Systems, LLC ("Plaintiff" or "Eloqui"), hereby opposes Defendant Nuance Communications, Inc.'s ("Defendant" or "Nuance") Motion for Summary Judgment ("MSJ") based on Non-Infringement (the "Motion"). Eloqui humbly requests that the Court deny Nuance's Motion.

## I. INTRODUCTION

Nuance has not – and cannot – demonstrate that Eloqui "fail[ed] to make a showing sufficient to establish the existence of an element essential to [its] case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). **First,** Eloqui's experts concluded that Nuance's NINA product infringes claim 43 of U.S. Pat. No. 6,144,938 (the '938 Patent); claim 105 of U.S. Pat. No. 6,334,103 (the '103 Patent); and/or claim 1 of U.S. Pat. No. 7,058,577 (the '577 Patent and collectively, the "Asserted Claims"). **Second,** Eloqui's detailed infringement contentions independently demonstrate that Nuance's NINA infringes the Asserted Claims on the basis of publicly-available information and statements issued by Nuance itself. **Third**, Nuance's litany of improperly-propounded 'undisputed' facts are anything but – Eloqui's citations to specific evidentiary materials in its Statement of Genuine Disputes confirms as much. A trier of fact would recognize that Eloqui showed that NINA exhibits a "personality," and that Nuance infringes. Furthermore, the Court is required to believe Eloqui's evidence, and to draw all justifiable inferences in Eloqui's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 269 (1986) ("[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."). Nuance's Motion fails, and should therefore be denied.

Nuance chose to tailor its arguments to an issue related to the claim term "personality". [Dkt. 180, p. 5] ("That is, Eloqui has failed to proffer evidence sufficient to establish that the Accused Product has a "personality" as defined by the Asserted Patents and this Court."). Eloqui provided evidence to demonstrate that NINA is a hosted software platform that is designed around the concept of "personality", is specified as having user interfaces with "personality", is marketed

as having "personality", and is sold to its customs as having the key feature of "personality". Eloqui has two experts that will testify in front of the jury that Nina does have "*spoken language characteristics that simulate the collective character, behavioral, temperamental, emotional, and mental traits of human beings*". Further, Nuance's own product literature, clearly characterizes "personality" as a design principle for NINA beginning early in the design process, and describes using dialog, visuals, and non-verbal audio to emphasize personality. (Edmondson Decl. - Exhibit A). Eloqui provided an abundance of evidence showing that NINA exhibits a "totality of spoken language characteristics that simulate the collective character, behavioral, temperamental, emotional, and mental traits of human beings in a way that would be recognized by psychologists and social scientists as consistent and relevant to a particular personality type." [Dkt. 154, p. 9, § IV]. Nuance's Motion should be denied.

## A. The Patents-in-Suit and Asserted Claims

The Court is familiar with the patents at issue in this case: 6,144,938, 6,334,103, and 7,058,577 (the "Patents-in-Suit", Dkt. No. 17-1, Exhs. A-C). This Court concluded that Eloqui is the owner of the subject patents and has standing to sue unilaterally. *See* [Dkt. No. 155]. Contrary to Nuance's assertion, the scope of Claim 43 of the '938 Patent ("Claim 43") is not representative of each of the Asserted Claims. Claim 43 reads as follows:

> 43. A method for a voice user interface with personality, the method comprising:
> storing a recognition grammar in a memory, the recognition grammar comprising multiple phrases that a virtual assistant with a personality can recognize when spoken by a user, the recognition grammar being selected based on the personality of the virtual assistant;
> executing a voice user interface, the voice user interface outputting first voice signals, the voice user interface recognizing speech signals; and
> controlling the voice user interface to provide the voice user interface with a verbal personality.

[Dkt. 17-1, p. 42, 46:28-39]. Claim 105 of the '103 Patent ("Claim 105") reads as

follows:
> 105. A computer-readable medium having a computer program accessible therefrom, the computer program comprising instructions for:
> executing a voice user interface, the voice user interface outputting first voice signals;
> the voice user interface recognizing speech signals; and
> controlling the voice user interface to provide the voice user interface with a personality; wherein tie personality emulates human verbal behavior for a particular personality.

[Dkt. 17-1, p. 92, 56:22-26].  Claim 1 of the '577 Patent ("Claim 1") reads as follows:
> 1. A method for implementing a voice user interface with personality, comprising:
> selecting a personality from a plurality of personalities;
> defining a dialog based on the selected personality, wherein the dialog emulates human verbal behavior for the selected personality; and
> developing a recognition grammar, wherein the recognition grammar is developed to enable the voice user interface with personality to recognize user spoken commands.

[Dkt. 17-1, p. 92, 56:22-26].

## II.    **LEGAL STANDARD**

Summary judgment is appropriate under Rule 56 if the moving party demonstrates that "there is no genuine issue of material fact and that it is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986).  A fact is material when, under the governing substantive law, it could affect the outcome of the case.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc*., 618 F.3d 1025, 1031 (9th Cir. 2010).  "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Fortune Dynamic*, 618 F.3d at 1031 (internal quotation marks and citations omitted); accord *Anderson*, 477 U.S. at 248.

When ruling on a summary judgment motion, the court must view the facts and draw all reasonable inferences in the light most favorable to the non-moving party.

*See Scott v. Harris*, 550 U.S. 372, 378 (2007); *Anderson*, 477 U.S. at 269. The Court should not weigh the evidence or make credibility determinations. *See Anderson*, 477 U.S. at 255. "The evidence of the non-movant is to be believed." *Id*. Further, the Court may consider other materials in the record not cited to by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *see also Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

The burden initially is on the moving party to show an absence of a genuine issue of material fact or to show that the non-moving party will be unable to make a sufficient showing on an essential element of its case for which it has the burden of proof. *See Celotex*, 477 U.S. at 323. The moving party must point to specific portions of the record in order to demonstrate that the nonmoving party cannot meet its burden of proof at trial. *Exigent Tech., Inc. v. Atrana Sols., Inc*., 442 F.3d 1301, 1308 (Fed. Cir. 2006) (stating that the patentee had no evidence of infringement and – contrary to Nuance's interpretation of the case – <u>pointing to the specific ways in which accused systems did not meet the claim limitations</u>). If the moving party meets its burden, the non-moving party must produce evidence to rebut the moving party's claim and demonstrate a genuine issue of material fact. *Celotex,* 477 U.S. at 322-23. If the non-moving party meets this burden, then the motion must be denied. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1103 (9th Cir. 2000).

"As a general rule, summary judgment is inappropriate where an expert's testimony supports the non-moving party's case." *Vasudevan Software, Inc. v. 3 MicroStrategy, Inc.*, 782 F.3d 671, 683 (Fed. Cir. 2015) (quoting *Provenz v. Miller*, 102 F.3d 1478, 1490 (9th Cir. 1996)).

### III. <u>ELOQUI MET ITS BURDEN</u>

A party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the

nonmoving party failed to establish an essential element of the nonmoving party's case that the nonmoving party bears the burden of proving at trial. *Id.* at 322-23; *Jones v. Williams*, 791 F.3d 1023, 1030 (9th Cir. 2015). Nuance failed to meet either of these factors.

Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to "set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quoting former Fed. R. Civ. P. 56(e)); accord *Horphag Research Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007). To carry this burden, the nonmoving party "must present affirmative evidence . . . from which a jury might return a verdict in his favor." *Anderson*, 477 U.S. at 256. In this case, Eloqui has done exactly that. Eloqui presented evidence demonstrating genuine issues for trial in the form of expert testimony and collected admissible documentary evidence, which would allow a jury to conclude that NINA exhibits a "personality" as defined by the Court, and to find for Eloqui in its claim for infringement against Nuance. *See* Declaration of Jayson Sohi in Support of Eloqui's Opposition to Nuance's Motion for Summary Judgement on Non-Infringement (hereafter "Sohi Decl."), ¶¶ 2-29, Exhs. 1-28 (comprising Eloqui's contradictory fact evidence, new fact evidence, and Final Infringement Contentions).

### A. Eloqui Proffered the Opinions of Social Scientists and Technical Experts that Find NINA has a "Personality"

The Court's claim construction order concludes that personality is construed as:

> "<u>the totality of spoken language characteristics</u> that simulate the collective character, behavioral, temperamental, emotional, and mental traits of human beings in a way <u>that would be recognized by psychologists and social scientists as consistent and relevant to a</u>

particular personality type." [Dkt. 154, pg. 9, § IV] (emphasis added).

In order to aid the trier-of-fact with respect to the issue of "personality", and consistent with the Court's claim construction, Eloqui offered expert testimony from two social scientists, specifically linguists, trained to assess language characteristics and their relation to personality traits, types, and styles. *See* Eloqui's Statement of Genuine Disputes in Support of its Opposition to Nuance's Motion for Summary (hereafter "GSD"), Nos. 2, 3, 6, 7, 12, 13, 14, 16, 17, 18, 19, 20, 21, 23, 27, and 28. Eloqui further provided the opinions of experts capable of reviewing the more technical aspects of Nuance's NINA: the Expert Opinions of Dr. Kal Toth and Brian Garr. *See* GSD, Nos. 4, 24, 25. Dr. Toth and Mr. Garr determined that NINA exhibited programming and/or functional characteristics evidencing the implementation of a virtual assistant program exhibiting "personality" as defined by the Court. *See id.*

In its briefing and the report of its expert Dr. Robins, Nuance misinterprets the Court's construction of the term "personality" by implying that an expert must be experts in the field of personality typing. On the contrary, the Court's construction requires an analysis of spoken language characteristics in a way that would be recognized as ***relevant to*** a particular personality type. The Court's construction does not require that NINA exhibit a "particular personality type", or that a CA-licensed psychologist (of which Dr. Robins is not) set forth a formal analysis finding. The Court's construction requires only that products infringing the Asserted Claims exhibit characteristics that could be ***consistent with and relevant to*** a particular personality type.

Nuance's rationale for non-infringement, that the linguistic experts did not conduct a "personality-type analysis", mischaracterizes the parameters of the Court's claim construction which talks about language characteristics that would be recognized by […] social scientists as consistent and relevant to a particular personality type and does not require the 'identification' of a particular personality

type. Nuance's arguments against Drs. Walters and Chaski in its MSJ exhibit the same flawed logic that permeated its motion to exclude the testimony of these experts (Dkt. 164), and are no more persuasive here than in that motion.

As detailed in their reports, and their comprehensive declarations, Drs. Walters and Chaski both used the Court's claim construction to guide their analysis ([Dkt. 170-1, Walters Declaration, ¶¶ 10, 12, 15-18, 21-26, 28, 29, 32]; [Dkt. 170-2, Chaski Declaration, ¶¶ 2, 4, 5, 12, 14, 16, 19-27, 29, 30, 32-36, 40, 42, 43, 46, 51]) and both testified that NINA does exhibit a "personality" as defined by the Court. *See* GSD Nos. 2, 3, 6, 7, 12, 13, 14, 16, 17, 18, 19, 20, 21, 23, 27, and 28. Dr. Toth and Mr. Garr further bolstered Eloqui's expert opinion pool with their opinions similarly confirming that NINA exhibits a "personality". *See* GSD Nos. 4, 24, 25. As explained above, Eloqui's evidence is to be believed, and "summary judgment is inappropriate where an expert's testimony supports the non-moving party's case." *Vasudevan Software, Inc. v. 3 MicroStrategy, Inc.*, 782 F.3d 671, 683 (Fed. Cir. 2015) (quoting *Provenz v. Miller*, 102 F.3d 1478, 1490 (9th Cir. 1996)). While Nuance's expert disagrees with Eloqui's experts, the very fact that there are dueling expert reports presents disputes of material fact. Nuance's Motion should be denied.

### B. Eloqui Presents Admissible Evidence Establishing that NINA Exhibits a "Personality"

In addition to the expert testimony presented by Eloqui in support of its findings of Nuance's infringement, and NINA's exhibition of a "personality" per the Court's construction, Eloqui presented Final Infringement Contentions based on admissible publicly-available statements issued by Nuance itself. *See generally* (Sohi Decl., ¶ 29, Ex. 28). Furthermore, in conjunction with this Opposition, Eloqui presents a number of Additional Material Facts that demonstrate NINA exhibits a "personality" through the implementation of subprograms within NINA designed to emulate human vocal characteristics. *See* Plaintiff's Additional Material Facts in Support of its Opposition to Defendant's Motion for Summary Judgment for Non-

Infringement ("AMF") Nos. 33-38.  Even without Eloqui's voluminous supporting expert testimony, Eloqui has proffered a specifically-collected and pin-cited references that show that at least one of Nuance's embodiments of NINA exhibits spoken language characteristics (*e.g.* contextually-responsive word and syntax choices, dialogue crafted to exhibit wit and humor, vocalizations that emulate the intonations of uttered human speech, etc.) that simulate the collective character, behavioral, temperamental, emotional, and mental traits of human beings in a way that would be recognized by psychologists and social scientists as consistent and relevant to a particular personality type.  If the non-moving party produces evidence to rebut the moving party's claim and demonstrates a genuine issue of material fact, the motion must be denied.  *See Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1103 (9th Cir. 2000).  Accordingly, Nuance's Motion should be denied.

### C. Drs. Walters and Chaski Specifically Opined that NINA Has a "Personality"

Drs. Walters and Chaski, testified that NINA does have a "personality" as defined by the Court and as understood by social scientists, particularly linguistics. *See* GSD Nos. 18, 19.  Nuance has put forward no evidence to rebut the grounds and basis of their opinions by someone trained in linguistic social sciences – the study and analysis of language characteristics to determine meaning and personality types. Instead, Nuance chose to impermissibly narrow the Court's ruling on the term "personality" and require the term to be met only through a personality typing analysis from a CA-licensed psychologist –which Dr. Robins is not.

Dr. Robin's opinion is contradicted by Nuance's own exhibit used during Dr. Walters' deposition, a research article in which the authors state: "We show that personality can be recognized by computers through language cues…the results presented here are the first to demonstrate statistically significant results for texts and to recognise [sic] personality in conversation …What clearly emerges is that extraversion is the easiest trait to model from spoken language, followed by emotional stability and conscientiousness".

The question of whether an accused infringer's device, method or product is covered by the patent's claims is a question of fact to be resolved by the jury. *See, e.g., Oakley, Inc. v. Int'l Tropic-Cal, Inc.*, 923 F.2d 167, 169 (Fed. Cir. 1991) ("Infringement is a question of fact"); *SRI v. Matsushita Electronic Corp.*, 775 F.2d 577, 587 (Fed. Cir. 1985) ("It is settled that the question of infringement (literal or by equivalents) is factual"). Here, Drs. Walters and Chaski proffered expert reports, deposition testimony, and factually-supported sworn Declarations confirming that NINA has a "personality." *See* GSD Nos. 2, 3, 6, 7, 12, 13, 14, 16, 17, 18, 19, 20, 21, 23, 27, and 28. Nuance's Motion should be denied.

### D. Nuance Mischaracterizes Dr. Walters' Testimony

Nuance seeks to support its contention of non-infringement by attempting to differentiate the concepts of a "persona", which Nuance's own documentation shows that instantiations of NINA exhibit (*see* Sohi Decl., ¶ 29, Ex. 28), and "personality" – which Nuance contends that NINA does not exhibit. To this end, Nuance claims that "Dr. Walters admits that personae (whatever that is) and 'personality types' are **<u>distinct categories</u>**" [Dkt. 180, 17:25-26] (emphasis added).

Dr. Walters admitted no such thing. To the contrary, at his deposition he spent some time describing the complex interplay between these two terms, concluding that, depending on the discipline and context, these two terms can point to the same underlying concept:

> Q. What is your understanding about the difference between the meaning of the term "persona" and "personality type"?
> A. As I have tried to explain in the documents that I wrote, I think ***whatever that relationship is, it is overlapping and complex***.
> …
> Q. What would a linguist categorize the term "friendly"? Under what category or typology would a linguist place the term "friendly"?
> A. An adjective. Beyond that, ***it's going to depend on the context***. I think in the context here, depending, if you're dealing with, again, ***the social psychologist, the sociolinguists who think about social psychology, they might say personality***

> *characteristic, other people might say persona attributes or attributes of persona.* <u>*And in some sense they're getting at, if not the same thing, something very, very similar.*</u>

AMF, No. 39. Dr. Walters' testimony squarely places NINA within the claims of the Patents-in-Suit and bolsters Eloqui's infringement claim. Furthermore, despite Nuance's belabored claims to the contrary, Dr. Walters' also clearly stated his expert opinion that a working embodiment of NINA exhibited personality as defined by the Court:

> Q. …So paragraph 69 you say you looked at the linguistic routines of NINA. And that means you looked at either a single word or a grouping of words, actual speech acts of a working embodiment of NINA?
> A. Right. Yes.

AMF, No. 40 - Walters Depo Tr. 32: 22 - 33:2.

> Dr. Walters: I have concluded that yes, as I understand the patents and as I understand the way legal reasoning about patents works, it seems that Nuance's product NINA falls within the category of voice human interfaces with personality.

AMF, No. 40 - Walters Depo Tr. 83: 17-21.

> Q. And my understanding of the Nuance document is it's picking language based on the input. So for example, if a person orders a Hawaiian pizza it says, cowabunga.
> A. All set. Got it set. Got it. Ooh, aloha. That's the Honolulu Hawaiian, you get ooh, aloha or got it.
> Q. Just so I understand, you included this to teach the jury or the judge what a linguistic routine is?
> A. No. Much more to demonstrate the great similarity between what the original patents set out to do and what the Domino's Pizza speech enable mobile application is doing now to see the parallels and to see that they're exactly the same.

AMF, No. 40 - Walters Depo Tr. 158: 14 - 159:3. Nuance's Motion should be denied.

### E. Eloqui Established that Nuance Infringes the Patents-in-Suit Using Admissible Evidence

"Whether an accused product infringes a patent involves a two-step inquiry."

*Wi-LAN USA, Inc. v. Ericsson, Inc.*, 675 Fed. Appx. 984, 992 (Fed. Cir. 2017) (citing *Glaxo, Inc. v. Novopharm, Ltd.*, 110 F.3d 1562, 1565 (Fed. Cir. 1997). "First, the court must construe the asserted claim. . . . Second, the court must determine whether the accused product . . . contains each limitation of the properly construed claim[], either literally or by a substantial equivalent." *Id.* (citing *Freedman Seating Co. v. Am. Seating Co.*, 420 F.3d 1350, 1356-57 (Fed. Cir. 2005)). The question of whether an accused infringer's device, method or product is covered by the patent's claims is a question of fact to be resolved by the jury. *See, e.g., Oakley, Inc. v. Int'l Tropic-Cal, Inc.*, 923 F.2d 167, 169 (Fed. Cir. 1991) ("Infringement is a question of fact"); *SRI v. Matsushita Electronic Corp.*, 775 F.2d 577, 587 (Fed. Cir. 1985) ("It is settled that the question of infringement (literal or by equivalents) is factual").

      The Court's claim construction resulted in the Parties' retention of opinions by experts from different disciplines – unregistered psychologists, linguists, and computer scientists – regarding the exhibition of "personality" from Nuance's NINA. *See* GSD Nos. 2-32; AMF Nos. 39 & 40. Having received expert testimony from Eloqui's experts, Nuance is aware that a genuine dispute remains between the Parties as to the material issue of infringement. The factual dispute deepens in the face of Eloqui's pointed and comprehensive Final Infringement Contentions (*see* Sohi Decl., ¶ 29, Ex. 28), and Nuance's own statements and admissions confirming NINA's implementation of software functionality demonstrating that NINA exhibits a "personality." *See* AFM, Nos. 33-38. Eloqui's detailed infringement contentions explain Nuance's infringement for each and every claim limitation. On this basis alone it would be improper for this Court to grant Nuance's Motion, as such ignores the fact that there are contentions pointing to specific admissible evidence showing there is are genuine issues for trial on infringement.

      As infringement is an issue of fact, the matter should be placed before a jury who will decide how to weigh the evidence provided by the experts and determine the credibility of the expert testimony before coming to a final determination on the issue

of infringement. As there is clearly a triable issue of material fact regarding infringement, Nuance's Motion should be denied.

## IV. CONCLUSION

For the foregoing reasons, Eloqui has met its burden of showing that there is genuine dispute of material fact regarding whether NINA exhibits a "personality" as defined by the Court, and whether Nuance's NINA infringes the Asserted Claims. Therefore, Eloqui respectfully requests that Court deny Nuance's Motion for Summary Judgment for Non-Infringement in its entirety.

Dated: September 24, 2018

Respectfully submitted,

COTMAN IP LAW GROUP, PLC

By: /s/ *Jayson S. Sohi*
      Jayson S. Sohi
      *Attorney for Plaintiff*
      *Eloqui Voice Systems, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this September 24, 2018, a true and accurate copy of the above and foregoing **PLAINTIFF ELOQUI VOICE SYSTEMS, LLC'S OPPOSITION TO DEFENDANT NUANCE COMMUNICATIONS, INC.'S MOTION FOR SUMMARY JUDGMENT (NON-INFRINGEMENT)** was filed with the District Court's CM/ECF system, which provides service to all counsel of record.

Dated: September 24, 2018         By: /s/ *Jayson S. Sohi*
                                  Jayson S. Sohi